JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATS ELECTRONICS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HEINTZ, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV13-08824 PA (ASx)<br><br>[~~PROPOSED~~] **FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANT DAVID HEINTZ** |

The Court, pursuant to the Stipulation for Entry of Final Judgment, Including Permanent Injunction, by and between Plaintiff BEATS ELECTRONICS, LLC ("Plaintiff"), through its counsel of record, and Defendant DAVID HEINTZ ("Defendant"), in pro se, do hereby ORDERS, ADJUDICATES, and DECREES that final judgment, including permanent injunction, shall be and

hereby is entered on the Complaint for Damages in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION**. Pursuant to 15 *U.S.C.* § 1116, Defendant and any person or entity acting on concert with, or at his direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which he may exercise control, shall forever cease and refrain from using, and shall not authorize any third party to use, any of Plaintiff's trademarks, or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's trademarks. Defendant shall hereby forever forebear, cease, and be permanently enjoined from engaging in, committing, or performing, directly or indirectly, all of the following acts:

   a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise makes any use of, any Plaintiff's **t**rademarks, and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's **t**rademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

   b. performing or allowing others employed by or representing Defendant, or under his control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's **t**rademarks, and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products;

   c. engaging in any acts of federal and/or state trademark and/or false designation of origin, unfair competition, dilution, or other act which would

tend to damage or injure Plaintiff; and/or

        d.   using, operating, owning, or controlling any Internet domain name or website that includes any of Plaintiff's trademarks, including but not limited to Plaintiff's Beats® and Beats by Dr. Dre® marks.

2.   Defendant is ordered to deliver immediately for destruction all unauthorized and/or counterfeit products, including labels, signs, prints, packages, wrappers, receptacles and advertisements related thereto in Defendant's possession or control bearing any of Plaintiff's trademarks, intellectual properties, or simulations, reproductions, counterfeits, copies or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices, or any other means of making the same, to the extent that nay of these items are in Defendant's possession and/or control.

3.   This Final Judgment, including Permanent Injunction, shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4.   The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court should direct immediate entry of this Permanent Injunction against Defendant.

5.   Defendant shall pay to Plaintiff the sum of Two Hundred thousand dollars ($200,00.00) on Plaintiff's Complaint for Damages subject to the terms of a separate Confidential Settlement Agreement by and between the parties.

6.   **NO APPEALS AND CONTINUING JURIDICTION**.  No appeals shall be taken from this Final Judgment, including Permanent Injunction, and the parties waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of ~~this Final Judgment, and~~ the Permanent Injunction herein.

/ / /

1  　　　　7.　　**NO FEES AND COSTS**.  Each Party shall bear their own attorney's
2  fees and costs incurred in this matter.
3  　　　　IT IS SO ORDERED, ADJUDICATED, and DECREED this 9th day of
4  April, 2014.

　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　HON. PERCY ANDERSON
　　　　　　　　　　　　　　　　　　　United States District Court Judge